UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Robert Kugler |
| | : | |
| v. | : | Criminal No.: 06-699 (RBK) |
| | : | |
| | : | NOTICE OF MOTION IN LIMINE |
| KEVIN TAYLOR | : | |
| | : | |

To:   Jacqueline Carle, Esquire
      Assistant United States Attorney
      District of New Jersey
      Camden, NJ

PLEASE TAKE NOTICE that on January 22, 2008 at 9:00 a.m., at the Mitchell Cohen Courthouse, One John F. Gerry Plaza, Camden, New Jersey 08101, Defendant will move before the Honorable Robert Kugler, Unites States District Judge, requesting the following relief:

AN ORDER PRECLUDING THE GOVERNMENT FROM ADMITTING EVIDENCE OF MR. TAYLOR'S PRIOR ADDRESS IN YORK, PENNSYLVANIA USED APPROXIMATELY TEN YEARS BEFORE THE ALLEGED COMMISSION OF THE ALLEGED OFFENSE.

Respectfully submitted,

/s/ John F. Renner, Esquire

JOHN F. RENNER, ESQUIRE

John F. Renner (JR 4936)
Attorney for Defendant
Kevin Taylor
Pavilions at Greentree, Suite 401
12000 Lincoln Drive West
Marlton, NJ 08053
856-596-8000

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Honorable Robert Kugler |
| | : |
| | : Crim. No.: 06-699 (RBK) |
| v. | : |
| | : |
| KEVIN TAYLOR | : |
| | : |
| | : |

DEFENDANT KEVIN TAYLOR  MEMORANDUM OF LAW
IN SUPPORT OF IN LIMINE MOTION

The Government is seeking to introduce at trial that Mr. Taylor lived at 333 East Princess Street, York, Pennsylvania from 1996 to the early part of 1997.  Mr. Taylor objects to the admissibility of this evidence on the grounds of relevancy.  Mr. Taylor is charged in the indictment with participating in the August 1, 2006 bank robbery of a Commerce Bank in York, Pennsylvania.

If evidence is logically relevant- some tendency to prove or disprove a matter in issue- it does not become inadmissible merely because it is incomplete.  Nevertheless, the evidence of Mr. Taylor's residence approximately a decade before the alleged commission of a robbery is so remote that the evidence is logically irrelevant to any issue before the Court.   According to Government Exhibit 42, a Branch History Report of the Commerce Bank located at Route 30, Arsenal Road, York, Pennsylvania reflects a branch opening effective date of April 18, 1998.  As such, the Commerce Bank in York Pennsylvania did not open until over a year after Mr. Taylor changed his address from the area.

"Relevancy is not an inherent characteristic of any item of evidence but exists only as a

relation between an item of evidence and a matter properly provable in the case." Advisory Committee's Note to Fed. R. Evidence 401. The initial step in determining relevancy is to identify the matter which is properly provable as a result of admitting the proposed evidence. It determining the relevancy of an offered item of evidence, a trial judge must first determine what proposition it is supposed to be relevant. U.S. v. Foster, 986 F.2d 541 (D.C. Cir. 1993).

In the present case, there are no material issues of fact that would enable the Government to introduce evidence of a residence in the same town of an alleged bank robbery (ie. York, Pennsylvania) approximately a decade before the alleged commission of a bank robbery. The bank itself, moreover, did not open until over a year after Mr. Taylor departed the area.

Regarding relevancy, the decision to admit a proferred item into evidence is a matter committed to the sound discretion of the trial court. United States v. Balter, 91 F.3d 427, 442 (3d Cir.), cert. denied, 519 U.S. 1011 (1996). Relevance evidence can be otherwise be excluded if it does not meet the balancing test of Rule 403. "The test to be applied is whether the prejudicial effect outweighs the probative value" of the evidence. Giblin v. United States, 523 F.2d 42, 44 (8th Cir. 1975), cert. denied, 424 U.S. 971 (1976). Rule 403 of the Federal Rules of Evidence provides that relevant evidence

> may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, ... misleading the jury, ... or needless presentation of cumulative evidence.

In applying the Rule 403 balancing test, courts must assess the "genuine need for the challenged evidence and balance that necessity against the risk that the information will influence the jury to convict on improper grounds." United States v. Sriyuth, 98 F.3d 739, 747-48 (3d Cir. 1996), cert. denied, 519 U.S. 1141 (1997) (citing United States v. Scarfo, 850 F.2d 1015, 1019 (3d Cir.), cert. denied, 488 U.S. 910 (1988)); see also, United States v. Schwartz, 790 F.2d 1059, 1061

(3d Cir. 1986) (the presence or absence of a genuine need for the questioned evidence is a legitimate part of the balancing analysis required under Rule 403).

In the present case, the risk of juror confusion regarding the importance of an address of Mr. Taylor in the same town as the alleged robbery of a bank a decade prior to the alleged commission of the robbery is substantial. Jurors may not know how to evaluate evidence that has no bearing on any issue of the case particularly in light of the fact that the bank itself did not exist during Mr. Taylor's residency in York, Pennsylvania.

Respectfully Submitted:

/s/ John F. Renner

JOHN F. RENNER

January 20, 2008