UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Robert Kugler |
| | : | |
| v. | : | Criminal No.: 06-699 (RBK) |
| | : | |
| | : | NOTICE OF MOTION IN LIMINE |
| KEVIN TAYLOR | : | |
| | : | |

To: Jacqueline Carle, Esquire
     Assistant United States Attorney
     District of New Jersey
     Camden, NJ

PLEASE TAKE NOTICE that on January 22, 2008 at 9:00 a.m., at the Mitchell Cohen Courthouse, One John F. Gerry Plaza, Camden, New Jersey 08101, Defendant will move before the Honorable Robert Kugler, United States District Judge, requesting the following relief:

AN ORDER PRECLUDING THE GOVERNMENT FROM ADMITTING EVIDENCE OF PHOTOGRAPH EXHIBITS 8(C), 16(C), 22 (D) AND 22 (E) OF THE GOVERNMENT'S PROPOSED EXHIBITS

                                            Respectfully submitted,

                                            /s/ John F. Renner, Esquire

                                            JOHN F. RENNER, ESQUIRE

                                            John F. Renner (JR 4936)
                                            Attorney for Defendant
                                            Kevin Taylor
                                            Pavilions at Greentree, Suite 401
                                            12000 Lincoln Drive West
                                            Marlton, NJ 08053
                                            856-596-8000

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Honorable Robert Kugler |
| | : |
| | : Crim. No.: 06-699 (RBK) |
| v. | : |
| | : |
| KEVIN TAYLOR | : |
| | : |
| | : |

PHOTOGRAPH EXHIBITS 8(C), 16(C), 22 (D) AND 22 (E) OF THE GOVERNMENT'S PROPOSED EXHIBITS SHOULD BE EXCLUDED FROM EVIDENCE BECAUSE THE PREJUDICIAL EFFECT OF THE PHOTOGRAPHS SUBSTANTIALLY OUTWEIGHS THEIR PROBATIVE VALUE

The Government is seeking to introduce several photographs of the alleged bank robberies reflecting the alleged perpetrators brandishing weapons with a patron lying on children and/or employees of the various banks sprawled on the floor or standing next to a perpetrator in the act of robbing the bank with a gun. There are numerous surveillance photos taken of each alleged bank robbery showing the entrance and exit of the perpetrators without the photographs showing overt acts of violence. Mr. Taylor will argue that he is not one of the perpetrators of the alleged bank robberies. As such, Mr. Taylor requests that the Government use the least violent photos in the presentation of evidence to avoid the prejudicial impact of photos showing the more violent aspect of each bank robbery.

The decision to admit photographs into evidence is a matter committed to the sound discretion of the trial court. United States v. Balter, 91 F.3d 427, 442 (3d Cir.), cert. denied, 519 U.S. 1011 (1996). "The test to be applied is whether the prejudicial effect outweighs the probative value" of the photographic evidence. Giblin v. United States, 523 F.2d 42, 44 (8th Cir. 1975), cert. denied, 424 U.S. 971 (1976). Rule 403 of the Federal Rules of Evidence provides that relevant evidence

> may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, ... misleading the jury, ... or needless presentation of cumulative evidence.

In applying the Rule 403 balancing test, courts must assess the "genuine need for the challenged evidence and balance that necessity against the risk that the information will influence the jury to convict on improper grounds." United States v. Sriyuth, 98 F.3d 739, 747-48 (3d Cir. 1996), cert. denied, 519 U.S. 1141 (1997) (citing United States v. Scarfo, 850 F.2d 1015, 1019 (3d Cir.), cert. denied, 488 U.S. 910 (1988)); see also, United States v. Schwartz, 790 F.2d 1059, 1061 (3d Cir. 1986) (the presence or absence of a genuine need for the questioned evidence is a legitimate part of the balancing analysis required under Rule 403).

The photographs listed as exhibits 8(c), 16(c), 22(d) and 22 (e) should be excluded from evidence because the minimal probative value of the photographs are substantially outweighed by the danger of unfair prejudice to the defendant. First, the probative value of the photograph is minimal because the government can introduce ample other photographs and testimony without showing the jury a highly inflammatory and prejudicial photographs which will impermissibly inflame the jurors' emotions and improperly imply the defendant's guilt to the jury. See United States v. Thomas, 676 F.2d 239, 244 (7th Cir. 1980), cert. denied, 450 U.S. 931 (1981) (photographs admissible where they were  not likely to inflame emotions of jury, nor improperly imply

defendants' guilt to jury).  The photographs can have a visceral impact on jurors that far exceeds the photograph's probative value.  It inflames emotions and, thus, must be excluded under the Rule 403 balancing test.

While the court has wide latitude in this decision, "where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." Hitt, 981 F.2d at 424. "[A] significant danger of undue prejudice will be found to exist where there are 'substantial possibilities ... that a jury will harbor strong adverse sensitivity' to the challenged evidence. In order to overcome this significant risk of unfair prejudice, the government must prove necessity." Id. at 748 (citing United States v. Cook, 538 F.2d 1000, 1004 (3d Cir. 1976)). See also Fed.R.Evid. 403 Advisory Committee Notes ("'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one").

For the foregoing reasons, the minimal probative value of the above mentioned photographs is substantially outweighed by the danger of unfair prejudice to the defendant.  As such, the photograph should be excluded from evidence.

Respectfully Submitted:

/s/ John F. Renner

JOHN F. RENNER

January 21, 2008