NOT FOR PUBLICATION                                                                                         (Doc. No. 166)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Criminal No. 06-699(03) (RBK) |
| v. | : | **OPINION** |
| KEVIN TAYLOR a/k/a "QADIR," | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This matter is before the Court on the motion of pro se Petitioner Kevin Taylor to request transcripts of court proceedings to assist him in filing a § 2255 habeas petition. Pursuant to 28 U.S.C. § 753(f), the Court must first determine if Petitioner is eligible for in forma pauperis ("IFP") status. The Court may then review Petitioner's motion to certify that the underlying suit or appeal is not frivolous, and that the transcripts are needed to decide the issue presented by the suit or appeal. The Court finds that because of deficiencies in Petitioner's motion, the Court is unable to determine whether Plaintiff may proceed IFP, and that Petitioner has failed to allege the factual or legal basis for his claim to relief under § 2255. Therefore, Petitioner's request for transcripts to assist him in filing a § 2255 petition is **DENIED**.

I.   BACKGROUND

In June 2007, Petitioner was charged with a seventeen-count indictment including conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a), six counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 18 U.S.C. § 2, five counts of use of a

firearm during and in retaliation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(ii), and one count of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(iii).  A jury convicted Petitioner on all counts in March 2008.

Petitioner and one of his co-defendants filed a joint appeal.  On appeal, Petitioner argued: (1) the court improperly admitted certain evidence; (2) the court denied their due process rights; (3) the length of their sentences was excessive; and (4) asserting vindictive prosecution.  In June 2010, the Third Circuit affirmed the district court's decision.

Petitioner alleges that despite his request, his appointed counsel refused to pursue an en banc hearing to reargue his appeal after the Third Circuit's June 2010 decision.  Petitioner also claims that he unsuccessfully filed a pro se brief in support of an en banc hearing.  (Pet'r's Br. in Supp. of Mot. to Produc. at 1).  Now, Petitioner makes a motion to produce transcripts, "to aid, and assist the research procedure for 2255 [sic] habeas corpus review." (Id.).  Petitioner states that he does not have "retained or appointed counsel," and that he "cannot afford to hire counsel or purchase the documents."  (Id.).

## II.   DISCUSSION

Federal statutory law controls the provision of free transcripts to indigent defendants:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title <u>to persons permitted to sue or appeal in forma pauperis</u> shall be paid by the United States out of money appropriated for that purpose <u>if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal</u>.

28 U.S.C. § 753(f) (emphasis added).  Pursuant to § 753(f), the Court must first determine whether Petitioner is eligible for IFP status.  See id.; see also Walker v. People Express Airlines, Inc., 886 F.2d 598, 600 (3d Cir. 1989) (citations omitted).  Then, the Court may review

Petitioner's motion to determine whether or not the suit for which he is requesting transcripts is frivolous, and whether or not furnishing transcripts free of cost is necessary to decide Petitioner's suit. 28 U.S.C. § 753(f); Walker, 886 F.2d at 600.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A.  IFP Status

The Third Circuit has recognized that "[b]y its express terms, § 753(f) allows litigants to receive transcripts at public expense only if they are proceeding in forma pauperis . . . ." Walker, 886 F.2d at 600.  The Third Circuit also noted that "petition[s] asking for leave to forego a sum certain must be accompanied by an affidavit bearing particularized information with regard to the party's financial status." Walker, 886 F.2d at 602 n.5.  "This requirement parallels 28 U.S.C. § 1915, which concerns [IFP] applications and provides standards for judging an applicant's qualifications." Dawley v. Estate of Harris, No. 04-2140, 2005 U.S. Dist. LEXIS 411, at *10-12 (E.D. Pa. Jan. 11, 2005) (citing 28 U.S.C. § 1915).

Here, Petitioner's motion does not include an IFP application or a financial affidavit. Moreover, Petitioner does not provide the Court with any indication of his financial status beyond a statement asserting that Petitioner "cannot afford to . . . purchase the documents."

(Pet'r's Br. in Supp. of Mot. to Produc. at 1). Because Petitioner fails to present any support for his alleged inability to pay, the Court denies Petitioner permission to proceed IFP.[1]

### B.      Furnishing Transcripts Free of Cost

Even if Petitioner was permitted to proceed IFP, his application for free transcripts fails to satisfy the substantive standards of § 753(f). Section 753(f) expressly states that transcripts may be "furnished in proceedings brought under [§] 2255 . . . [or] in other proceedings." 28 U.S.C. § 753(f). However, "[§] 753(f) prevents the situation in which an indigent prisoner obtains a free transcript merely 'to search for error in an attempt to generate a basis for collaterally attacking a conviction.'" Fadayiro v. United States, 30 F. Supp. 2d 772 (D.N.J. 1998) (quoting United States v. Marias, No. 92-256-2, 1995 WL 221353, at *1 (E.D. Pa. Apr. 13, 1995); see also Oliver v. Zimmerman, 720 F.2d 766, 771 (3d Cir. 1983). Section 753(f) "requires that the trial judge determine that the appeal by a person 'permitted to appeal in forma pauperis . . . is not frivolous' and that it 'presents a substantial question.'" Hussain, 2011 U.S. Dist. LEXIS 35678, at *4 (quoting Knutson v. Price, 410 B.R. 51, 59 (Bankr. E.D. Cal. 2009)).

Petitioner's motion fails for two reasons. First, no proceeding exists. Petitioner has merely stated his intention to file a § 2255 habeas petition. Petitioner's motion states that "Petitioner, [sic] request [sic] production of the transcripts to aid, [sic] and assist the research procedure for 2255 [sic] habeas corpus review . . . ." (Pet'r's Br. in Supp. of Mot. to Produc. at 1). Second, Petitioner does not present the Court with any questions of fact or law that provide a basis for his impending § 2255 petition. Petitioner states only that he wants to file a § 2255

---

[1] The Third Circuit also recognized in Walker that "transcripts may be secured at public cost by litigants who are granted partial in forma pauperis status." Walker, 886 F.2d at 601. In Hussain v. Frost, the Court construed petitioner's request for transcripts free of cost as a partial application to proceed IFP. See Hussain v. Frost, No. 10-3401, 2011 U.S. Dist. LEXIS 35678, at *4 (D.N.J. Mar. 31, 2011). Still, before litigants are granted even partial IFP status, the Third Circuit has required "particularized" financial affidavits detailing the litigant's inability to pay. Walker, 886 F.2d at 601-602. Additionally, "[b]efore a court may grant a litigant [partial IFP] status, the Third Circuit, echoing § 753, demanded that a court certify the appeal is not frivolous but presents a substantial question." Dawley, 2005 U.S. Dist. LEXIS 411, at *11 (citing Walker, 886 F.2d at 601).

4

petition, but does not provide any facts beyond the aforementioned procedural history. Instead, Petitioner seems dissatisfied that the Third Circuit did not grant his request for an en banc hearing. Based on that information, the Court cannot determine any factual or legal grounds on which Petitioner could seek § 2255 habeas relief. Therefore, the Court is unable to determine if transcripts are in fact necessary to aid Petitioner in filing a § 2255 motion.[2] Moreover, even if the Court was inclined to grant Petitioner IFP status, the Court is not satisfied that Petitioner's motion presents a substantial question such that it survives the threshold requirements for motions under § 753(f) and § 1915. Accordingly, Petitioner's motion to obtain transcripts free of cost does not meet any of the requirements outlined in § 753(f).

### III.   CONCLUSION

For the reasons stated above, Petitioner's motion to receive transcripts free of cost is **DENIED**. An appropriate Order shall issue.

Dated:  8/4/11                                                                                      /s/ Robert B. Kugler
                                                                                                              ROBERT B. KUGLER
                                                                                                              United States District Judge

---

[2] The Court is not expressing an opinion as to Petitioner's ability to file a § 2255 habeas petition. However, Petitioner states that the Court should grant his motion for access to transcripts at no cost because his "filing deadline" of August 10, 2011 is approaching. (Pet'r's Br. in Supp. of Mot. to Produc. at 1). It appears to the Court that a § 2255 motion filed by Petitioner, even if filed today, would fall outside of § 2255's one-year statute of limitations because Petitioner's conviction is approximately three years old.

5